■    JOHN CLINTON, Plaintiff, v. 132 EAST 35TH STREET CORP. et al., Defendants. PAR PLUMBING AND HEATING CORP., Third-Party Plaintiff-Respondent, v. EUREKA CONSTRUCTION CONCRETE EQUIPMENT CO., Third-Party Defendant-Appellant, and DONALD ZUCKER CO., INC., Third-Party Defendant.—

Concur — Stevens, P. J., Nunez, Steuer and Tilzer, JJ.;   Eager, J., dissents in the following memorandum:   I would affirm the order denying the motion to dismiss the third-party complaint.   There is no factual showing in support of the motion to dismiss and the motion is to be determined on the basis of the pleadings.   At the pleading stage, the plaintiff is hardly concerned with

the problem of liability among defendants or whether or not a defendant may have a right of recovery over against a third party and a plaintiff makes no effort to prepare his complaint in a manner to assist in the solution of the problem of a possible liability over. (See 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1010.02; *Sheridan* v. *City of New York,* 27 A D 2d 833.) Consequently, at the pleading stage, " it is generally the unusual case in which it can be definitely stated that liability can be predicated on active negligence solely. This has given rise to the rule that if on any reasonable construction of the complaint recovery can be had on the ground of passive negligence, the determination should await the trial " (*Torres* v. *Transamerican Frgt. Line,* 34 A D 2d 538; see, also, 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1010.02). The test at this point " is whether there is any possibility of liability over against [the] third party." (*Phoenix Assur. Co. of N. Y.* v. *Hunt Agency,* 19 A D 2d 882; see, also, *Braun* v. *City of New York,* 17 A D 2d 264, 268.) Here, the allegations of plaintiff's complaint are very general and it does not appear whether such allegations have been amplified in any way by a bill of particulars. Furthermore, " the ease of amendment on trial may mean that recovery will be allowed on a slightly different theory " (see 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par 1010.02; *Sheridan* v. *City of New York, supra*). " It may very well be that, as the case develops within the scope of the pleadings, a right of recovery over will depend upon resolving of issues by a trier of facts" (*Sheridan* v. *City of New York, supra*). Accordingly, in my opinion, it is improper to dismiss the third-party complaint at this time. The third-party defendant would seem to have a " more fruitful remedy " with a proper development of the facts on a motion for summary judgment, or on the trial. (See *Braun* v. *City of New York, supra,* p. 268.)